UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHRISTOPHER CUEVAS,

                              Plaintiff,

        -against-

CITY OF NEW YORK, individually and in their official capacities as New York City police officers, ZOHAIB IQBAL, DARYL MELHADO and JOHN or JANE DOES 1-10,

                              Defendants.
-------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

ECF CASE
Docket No.

Plaintiff, CHRISTOPHER CUEVAS, by his attorneys, Sim & DePaola, LLP, for his complaint against the above Defendants, City of New York, individually and in their capacities as New York City police officers, Zohaib Iqbal, Daryl Melhado and John or Jane Does 1-10, alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1983 and 1988 for the violations of his civil rights protected by Constitution of the United States and the Constitution and laws of the State of New York.

2. Plaintiff's claims arise from an April 20, 2018 incident, in which Defendants, acting under color of state law, stopped, questioned, searched, detained, arrested, assaulted, battered and maliciously prosecuted Mr. Cuevas. As a result, Mr. Cuevas was deprived of his liberty and suffered serious physical and psychological injuries.

3.   Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURISDICTION

4.   This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5.   The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

6.   Venue is laid within the Southern District of New York in that Defendant, City of New York, is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7.   Plaintiff, Christopher Cuevas ("Mr. Cuevas" or "Plaintiff"), resides at 1738 Crotona Park East, Apt 4A, Bronx, New York 10460.

8.   The Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

9.   At all times relevant hereto, Defendant City, acting through the New York City Police Department ("NYPD") was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant Zohaib Iqbal ("Iqbal") was, at all times here relevant, a police officer and/or detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Iqbal was, at all times relevant herein, a Police Officer and/or detective under Shield No. 22770, Tax Reg. No. 962494, at 23rd precinct located at 162 E 102nd St, New York, NY 10029. Defendant Iqbal is being sued in his individual and official capacities.

12. Defendant Daryl Melhado ("Melhado") was, at all times here relevant, a police officer and/or detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Melhado was, at all times relevant herein, a Lieutenant under Tax Reg. No. 940464, at 23rd precinct located at 162 E 102nd St, New York, NY 10029. Defendant Melhado is being sued in his individual and official capacities.

13. At all times relevant Defendants John or Jane Does 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the true names and/or tax registration numbers of Defendants John or Jane Does 1 through 10 but is within knowledge of the defendants.

14. At all times relevant herein, Defendants John or Jane Does 1 through 10 were acting as agents, servants and employees of the City of New York, the NYPD. Defendants John or Jane Does 1 through 10 are being sued in their individual and official capacities.

15. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

16. Within 90 days of accrual dates for these claims, Plaintiff timely filed a written notice of claim with the New York City Office of the Comptroller.

17. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

18. Plaintiff has complied with municipal defendant's request for an oral examination pursuant to Section 50-H of the New York General Municipal Law and/or the Public Authorities Law and/or no such request was made within the applicable period.

19. This action has been commenced within one year and ninety days from the relevant accrual dates.

## FACTUAL CHARGES

20. On April 20, 2018, at approximately 5:35 p.m., Mr. Cuevas was in the vicinity of 105th Street and 3rd Avenue, which the Defendants state the south east corner of 3rd Avenue and East 107th Street, County and State of New York.

21. At said date, time and location, Mr. Cuevas just parked his vehicle and was going to a restaurant, "Little Caesars," to pick up food for delivery.

22. At said date, time and location, Defendants, including Iqbal and Melhado, stopped Plaintiff and commanded him to get back in his vehicle without probable cause or justification, as Plaintiff had committed no traffic infractions, crimes or violations of the law by merely parking his vehicle.

23. Defendants, including Iqbal and Melhado, commanded Mr. Cuevas to roll down all the windows of his vehicle and asked Mr. Cuevas for his driving license and vehicle registration.

24. Plaintiff complied with the Defendants' unlawful order.

25. Defendants, including Iqbal and Melhado, radioed for back-up as they were running the driver's identification.

26. Defendants, including Iqbal and Melhado, ordered Plaintiff to get out of his vehicle without justification for doing so, as he had done nothing unlawful or even suspiciously unlawful.

27. Plaintiff inquired as to why he was being stopped, to which Defendants, including Iqbal and Melhado, responded by stating that he would be informed at a later time.

28. Defendants, including Iqbal and Melhado, forcibly removed Plaintiff to the rear of his vehicle.

29. Upon reaching the rear of Plaintiff's vehicle, six (6) more police officers arrived at the scene.

30. Defendants, including Iqbal and Melhado, then commanded Plaintiff to stand facing all police officers, to which Plaintiff complied.

31. Defendants, including Iqbal and Melhado, then proceeded to search Plaintiff's vehicle without Plaintiff's consent or any legal reason or justification, as defendants did not possess a valid search warrant or probable cause to believe that Plaintiff committed a crime while inside of the vehicle or that the vehicle contained illegal items.

32. After Defendants, including Iqbal and Melhado, searched Plaintiff's book bag in the back seat of his vehicle, which contained Plaintiff's tools for haircutting, they commanded Plaintiff to place his hands in his back.

33. Defendants, including Iqbal and Melhado, bent Plaintiff's hands extremely hard and placed handcuffs on Plaintiff without probable cause or justification, causing Plaintiff to suffer substantial pain.

34. When Plaintiff asked why he was being arrested, Defendants told him they would tell him when they fingerprint him.

35. Plaintiff complained of the handcuffs being too tight multiple times, with Defendants, including Iqbal and Melhado, ignoring each complaint.

36. Defendants, including Iqbal and Melhado, put Plaintiff to a police vehicle and transported him to the 23rd Precinct.

37. Upon arrival at the precinct Plaintiff was illegally searched without any legal reason or justification.

38. Inside of the precinct, defendants Iqbal and Melhado removed Plaintiff's pants and subjected him to unconsented touching all about his body, including his genitals and buttocks.

39. At the precinct, Plaintiff was told he was arrested because defendants recovered a razor inside a bag within his vehicle.

40. The razor discovered inside of the bag was a legal tool for cutting hair.

41. After being held in the precinct for multiple hours, Plaintiff was taken to Central Booking for a crime that does not exist and that he did not commit.

42. Plaintiff was released after his arraignment on, or about, April 22, 2018, on his own recognizance.

43. The Defendants, including Iqbal and Melhado, had no probable cause or reasonable suspicion to arrest, detain or stop Mr. Cuevas, as Mr. Cuevas had not committed any crime or violation of the law.

44. Defendants, including Iqbal and Melhado, falsely alleged that Mr. Cuevas was observed committing crimes or violations of the law.

45. Mr. Cuevas was fingerprinted and photographed by defendants.

46. Defendant Iqbal was Mr. Cuevas's arresting officer, signing Mr. Cuevas's criminal court complaint.

47. Defendant Iqbal committed perjury by knowingly attesting to facts he knew to be false and submitting them to the court, namely that Mr. Cuevas possessed the alleged razor with the intent to use it unlawfully against another.

48. Notably absent from the criminal court complaint is any evidence regarding Mr. Cuevas' intent with the razor, which is, almost assuredly because none existed.

49. Upon information and belief, Defendant Melhado also perjured himself by signing and attesting to the statements in the criminal court complaint attributed to him.

50. Defendants,' including Iqbal and Melhado, initiated the prosecution against Mr. Cuevas by signing the criminal court complaint against Plaintiff and providing false statements to the New York County District Attorney's.

51. Defendants, including Iqbal and Melhado, provided knowingly false, misleading, or incomplete information to the District Attorney's Office, namely that defendants possessed a valid reason to stop Plaintiff, order him out of the vehicle and then search his vehicle.

52. Defendants, including Iqbal and Melhado, also provided false information regarding the alleged illegal razor that recovered, namely that the razor was dangerous instrument and being possessed by Mr. Cuevas with the intent to use unlawfully against another.

53. Defendants had no reason to believe that the razor was being possessed with unlawful intent, as Mr. Cuevas was not even in physical possession of the razor, it was possessed for a perfectly valid and lawful purpose and it was packaged with similar tools used for haircutting.

54. Defendants, including Iqbal and Melhado, never recovered any illegal weapon from Mr. Cuevas, as the alleged razor is perfectly legal possess.

55. Defendants, including Iqbal and Melhado, were fully aware, or should have been fully aware that Mr. Cuevas was not in possession of any illegal weapon.

56. Mr. Cuevas was never in actual, constructive or statutory possession of any illegal weapon.

57. Mr. Cuevas had multiple assaults and batteries committed to his person including but not limited to being handcuffed too tightly.

58. Mr. Cuevas was subjected to an illegal search by Defendants Iqbal and Melhado or the direction of Defendants Iqbal and Melhado at the 23rd precinct.

59. Defendants, including Iqbal and Melhado, intentionally provided said false information to the New York County Attorney's Office, namely that Mr. Cuevas committed criminal possession of a weapon, so that a criminal prosecution would be initiated against Mr. Cuevas.

60. Mr. Cuevas was arraigned and formally charged with Criminal Possession of a Weapon in the Fourth Degree.

61. While Plaintiff was unlawfully detained, Defendants, including Iqbal and Melhado, acting with malice, conveyed the aforementioned false, misleading and incomplete information to prosecutors in order to have Plaintiff prosecuted for Criminal Possession of a Weapon in the Fourth Degree, namely that defendants were in possession of evidence evincing Plaintiff's intent to use the razor unlawfully against another.

62. Defendants, including Iqbal and Melhado, suppressed evidence and engaged in conduct undertaken in bad faith, including, but not limited to, fabricating false accounts that Mr. Cuevas was in possession of illegal weapon, performing illegal searches of Mr. Cuevas's person without warrants.

63. Defendant Iqbal committed perjury by knowingly offering false statements contained within the Mr. Cuevas's criminal court complaint as true and signing and attesting to the truth of allegations he knew to be false.

64. Defendants have displayed a pattern and practice of falsely arresting individuals who have committed no crimes or violations of the law, such as Mr. Cuevas.

65. Defendants have displayed a pattern and practice of perverting and applying penal statutes to justify otherwise patently unlawful arrests.

66. Defendants, including Iqbal and Melhado, have displayed such a terrible understanding of the laws they are entrusted to enforce that their continued employment as NYPD officers amounts to an intentional disregard, or at the very least, a deliberate indifference on behalf of defendants' supervisors as to the civil rights of individuals who may come into contact with defendants Iqbal and Melhado.

67. During all of the events described, the Defendants, including Iqbal and Melhado, acted maliciously and with intent to injure Plaintiff.

68. As the absence of any probable cause to arrest or initiate a prosecution against Plaintiff was abundantly clear, malice may be inferred.

69. Defendant Iqbal was fully aware that there was no probable cause to believe a prosecution would succeed against Mr. Cuevas, because Defendant Iqbal knew, or should have

known that Mr. Cuevas was never in possession of any illegal weapon and that he was an innocent man.

70. At all times relevant hereto, Defendants, including Iqbal and Melhado, were involved in the decision to arrest Plaintiff without probable cause or failed to intervene when they observed others arresting Plaintiff without probable cause.

71. Upon information and belief, the NYPD, the City of New York, and their respective policy and decision makers and supervisors have imposed or acquiesced to policies or customs within the NYPD that resulted in Plaintiff's arrest without probable cause.

72. Upon information and belief, the NYPD, the City of New York, and their respective policy and decision makers and supervisors have failed to provide adequate training in the identification of probable cause or reasonable suspicion.

73. The instant arrest of Plaintiff without the presence of probable cause was so egregious as to amount to the deliberate indifference by the policy and decision makers within the NYPD and City of New York, because the need for enhanced training and supervision is obvious due to the clear lack of any probable cause to arrest and prosecute Plaintiff.

74. Upon information and belief, further details and factual allegations will become available after discovery is completed, as the current policies and customs of the NYPD and City of New York are within the exclusive knowledge of Defendants.

75. Upon information and belief, the personnel files and records of the individual officers involved in Plaintiff's arrest will reveal a history of Constitutional violations that will indicate that Defendant City knew, or should have known that the individual officers were unfit for employment as NYPD police officers and would be likely to commit Constitutional violations similar to the violations that were committed against Mr. Cuevas.

76. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: violations of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violations of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

77. The above paragraphs are here incorporated by reference as though fully set forth.

78. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

79. Plaintiff was conscious of his confinement.

80. Plaintiff did not consent to his confinement.

81. Plaintiff's arrest and false imprisonment was not otherwise privileged.

82. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

83. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

84. The above paragraphs are here incorporated by reference as though fully set forth.

85. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

86. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

87. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

88. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Assault and Battery Under
New York State Law

89. The above paragraphs are here incorporated by reference as though fully set forth.

90. Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

91. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

92. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

93. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

94. The above paragraphs are here incorporated by reference as though fully set forth.

95. The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

96. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

97. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

98. The above paragraphs are here incorporated by reference as though fully set forth.

99. Defendants initiated the prosecution against Plaintiff.

100. Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

101. Defendants acted with malice.

102. The prosecution was terminated in Plaintiff's favor when the criminal charge was dismissed and sealed.

103. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

104. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### SIXTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

105. The above paragraphs are here incorporated by reference as though fully set forth.

106. Defendants initiated the prosecution against Plaintiff.

107. Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

108. Defendants acted with malice.

109. The prosecution was terminated in Plaintiff's favor when he all charges were dismissed and sealed.

110. Accordingly, Defendants violated Plaintiff's Fourth Amendment rights.

111. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

112. The above paragraphs are here incorporated by reference as though fully set forth.

113. Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

114. Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

115. Defendants intended to inflict substantial harm upon Plaintiff.

116. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

117. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

118. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

119. The above paragraphs are here incorporated by reference as though fully set forth.

120. Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

121. Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

122. Defendants intended to inflict substantial harm upon Plaintiff.

123. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

124. Defendants' actions deprived Plaintiff of his right to free from illegal searches and seizures, as well as his right not to be deprived of his liberty without due process of law.

125. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress Under
New York State Law

126. The above paragraphs are here incorporated by reference as though fully set forth.

127. The conduct of Defendants was extreme and outrageous.

128. Defendants' extreme and outrageous conduct was perpetrated with the intent to cause, or with disregard to a substantial probability of causing, severe emotional distress to Plaintiff.

129. Defendants' extreme and outrageous conduct is causally related to Plaintiff's injuries.

130. Defendants' extreme and outrageous conduct caused Plaintiff to sustain extreme emotional distress.

131. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

132. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## TENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

133. The above paragraphs are here incorporated by reference as though fully set forth.

134. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

135. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

136. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

137. The above paragraphs are here incorporated by reference as though fully set forth.

138. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

139. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

140. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
Negligent Hiring, Retention and Supervision Under
New York State Law

141. The above paragraphs are here incorporated by reference as though fully set forth.

142. Defendant City owed a duty of care to Plaintiff to adequately hire, retain and supervise its employee defendants.

143. Defendant City breached that duty of care.

144. Defendant City placed defendants in a position where they could inflict foreseeable harm.

145. Defendant City knew or should have known of its employee defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

146. Defendant City failed to take reasonable measures in hiring, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

147. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRTEENTH CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

148. The above paragraphs are here incorporated by reference as though fully set forth.

149. Defendant City maintained a policy, custom or practice that caused Plaintiff to be deprived of his Constitutional right to free from illegal searches and seizures.

150. Defendant City's illegal practice is so consistent and widespread that it constitutes a custom or usage of which a supervising policy maker must have been aware of.

151. Defendant City and its policymakers failed to provide adequate training or supervision to subordinates to such an extent that it is tantamount to their deliberate indifference towards the rights of those who come into contact with Defendant City's employees.

152. Defendant City's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced supervision and training is obvious and therefore tantamount to a display of deliberate indifference by Defendant City and its policymakers towards the rights of individuals who come into contact with defendant City's employees.

153. Defendant City's conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

154. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 17, 2019

                                                Respectfully submitted,

                                                _S/ Samuel C. DePaola_  
                                                By: Samuel C. DePaola, Esq.  
                                                Bar Number: SD0622  
                                                Sim & DePaola, LLP  
                                                *Attorneys for Mr. Cuevas*  
                                                4240 Bell Blvd., Suite 201  
                                                Bayside, NY 11361  
                                                T: (718) 281-0400  
                                                F: (718) 631-2700  
                                                sdepaola@simdepaola.com