

| JAMES E. JOHNSON<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | COREY S. SHOOCK<br>*Senior Counsel*<br>phone: (212) 356-5051<br>cshoock@law.nyc.gov |
|---|---|---|

March 27, 2020

**By ECF**
Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Application granted.

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2020

      Re:    <u>Christopher Cuevas v. City of New York, et al.</u>
                19 Civ. 6709 (NRB)(KNF)

Your Honor:

    I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York and the attorney assigned to represent defendants City of New York, Zohaib Iqbal, and Daryl Melhado in the above-referenced matter. Defendants write to request that the Court grant a stay of all proceedings in this case for a period of 90 days, including adjourning the Initial Conference currently scheduled for April 1, 2020. This is defendants' first such request in this case. Defendants conferred with counsel for plaintiff on March 26, 2020 and he consents to this request.

    In the complaint, plaintiff alleges *inter alia*, that on April 20, 2018, defendants Iqbal and Melhado, who are members of the New York City Police Department ("NYPD"), falsely arrested and maliciously prosecuted plaintiff following a traffic stop on Third Avenue in Manhattan. The criminal prosecution was dismissed on September 13, 2018 by the New York City Criminal Court. Plaintiff also makes several state claims as well as a municipal liability claim against defendant City.

    Defendants answered the complaint on October 28, 2019. On January 15, 2020, pursuant to Local Civil Rule 83.10, counsel for the parties attended settlement mediation but it was unsuccessful. On February 21, 2020, the parties requested that the Court schedule an Initial Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure in order to facilitate the commencement of formal discovery, which the Court scheduled for April 1, 2020. As the parties have already exchanged Initial Disclosures and Limited Discovery pursuant to LCR 83.10, what

- 2 -

remains is the exchange of any additional paper discovery, discovery demands and responses, and depositions.

As the Court is also aware, during the intervening weeks, the public health crisis arising from the spread of the infectious disease known as COVID-19 has grown significantly. In furtherance of directives by public officials to avoid unnecessary personal contact, this Office has directed both legal and non-legal staff to work from home to the greatest extent feasible.

However, working from home creates a number of restrictions and challenges to the speedy pursuit of civil litigation as proscribed by Rule 1 of the Federal Rules of Civil Procedure, including limited access to documents related to this matter that will aid counsel in responding to discovery demands, meeting with clients, preparing witnesses for depositions and taking depositions.  In particular, scheduling in-person depositions will be impossible due to the workplace restrictions and depositions remotely would be impracticable under the present /sduring this state of emergency, eliminates the Officers' availability to be deposed. Second, the officers must be on duty to appear for their depositions, even remotely, and there would be privacy, privilege, confidentiality and other concerns with respect to the use of a camera at a precinct for these purposes.  This requested stay will allow the parties to schedule depositions as soon as reasonably practicable while avoiding any unnecessary health risks to all the parties involved.

In conclusion, defendants respectfully request that the Court grant a stay of all proceedings in this matter for a period of 90 days, including an adjournment of the Initial Conference scheduled for April 1, 2020, to a date thereafter that is convenient to the Court.

Defendants thank the Court for its consideration.

         Respectfully submitted,

         *Corey S. Shoock*    /s
         Corey S. Shoock
         Senior Counsel
         Special Federal Litigation Division

cc: Samuel C. DePaola, Esq. (By ECF)
   Sim & DePaola, LLP
   *Attorneys for Plaintiff*
   42-40 Bell Boulevard, Suite 201
   Bayside, New York 11361